UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. S-1 4:20-CR-00131 JAR |
| | ) |
| TONY K. SANFORD, | ) |
| | ) |
| Defendant. | ) |

**GUILTY PLEA AGREEMENT**

Come now the parties and hereby agree, as follows:

1. **PARTIES:**

The parties are the defendant Tony K. Sanford, represented by defense counsel Eric V. Barnhart, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri. The Court is neither a party to nor bound by this agreement.

2. **GUILTY PLEA:**

Pursuant to Rule 11(c)(1)(A), Federal Rules of Criminal Procedure, in exchange for the defendant's voluntary plea of guilty to Counts One of the Information, the Government agrees that no further federal prosecution will be brought in this District relative to the defendant's sex trafficking of minor E.V. or enticement and coercion of E.V. between the dates of January 20, 2020 and January 30, 2020, of which the Government is aware at this time.

6

The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case. **The parties agree to make a joint request for a sentence of one hundred and twenty (120) months of imprisonment followed by a period of lifetime on supervised release and applicable restitution and assessments.** The parties understand that the Court is neither a party to nor bound by the Guideline's recommendations agreed to in this document nor the sentencing recommendation of the parties.

The defendant knowingly and voluntarily waives any right, title, and interest in all items (including all data contained therein) seized by law enforcement officials during the course of their investigation, whether or not they are subject to forfeiture, and agrees not to contest the vesting of title of such items in the United States, including, but not limited to: all electronics, digital items and other items seized by law enforcement in the course of the investigation of the offenses giving rise to the charge and presently in the custody of law enforcement. The defendant agrees that said items may be disposed of by law enforcement officials in any manner.

3.   **ELEMENTS:**

As to Count One, the defendant admits to knowingly violating Title 18, United States Code, Section 2422(b), coercion and enticement of a minor, and admits there is a factual basis for the plea and further fully understands that the elements of the crime are (1) the defendant knowingly attempted to persuade, induce, entice or coerce an individual (2) who the defendant knew had not attained the age of eighteen years (3) to engage in prostitution activity and (4) did so utilizing the internet, a means of interstate and foreign commerce.

4.  **FACTS:**

The parties agree that the facts in this case are as follows and that the Government would prove these facts beyond a reasonable doubt if the case were to go to trial. These facts may be considered as relevant conduct pursuant to Section 1B1.3:

Between the dates of January 20, 2020 and January 30, 2020, in St. Louis City and St. Louis County, the defendant directed and facilitated transactions involving the exchange of sexual acts for money by an individual, E.V., that the defendant knew was younger than eighteen years of age. The defendant, utilizing internet-based communications and a cellular telephone as well as a rented vehicle, arranged prostitution acts, transported E.V. to and from prostitution acts, received money from the prostitution acts committed by E.V. and instructed and directed E.V. to engage in prostitution activity and how to do so.

On or about January 20, 2020, seventeen-year old juvenile E.V. ran away from the Missouri Baptist Children's Home in St. Louis County, Missouri, where she had been residing as ward of the State of Missouri. The Missouri Baptist Children's Home reported E.V. as a runaway to the Bridgeton Police Department on January 20, 2020. E.V. described to law enforcement that when she ran away from the Missouri Baptist Children's Home, she met a man who informed E.V. that she was going to do some work for "Tony." E.V. believed that "work" meant she was going to have to have sex for money, and she was not happy about that, but she needed the money. On or between the dates of January 22, 2020 and January 30, 2020, E.V. was in the company of the defendant and resided in a residence located in St. Louis City on Marine Avenue that was occupied by the defendant, the defendant's girlfriend Myeesha Barnes and the two young adult children of Myeesha Barnes. The defendant knew that E.V. was under the age of eighteen years at this time. On January 24, 2020, the cellular telephone number belonging to

6

the defendant was entered as a contact on juvenile E.V.'s cellular telephone under the contact name "Daddy" and the cellular telephone number belonging to Myeesha Barnes was entered as a contact on juvenile E.V.'s cellular telephone under the contact name "Mommy." While juvenile E.V. was in the company of the defendant and residing with the defendant, the defendant assisted juvenile E.V. to engage in multiple acts of prostitution during which she exchanged sexual contact for United States currency. The defendant told E.V. that she should charge $200 for vaginal intercourse and $50 for oral sex, with the goal of making $500 per day by exchanging sexual contact for money and to turn that money over to the defendant. The defendant drove E.V. around St. Louis City, in particular in the highly-trafficked areas of Broadway Street and Grand Avenue, to find customers for prostitution activity in a 2017 Chevrolet Equinox that was a rental vehicle owned by the auto business Jim Butler Chevrolet. The defendant told E.V. that she should tell prostitution customers that she is 19-years old, two years older than her actual age. The defendant would also provide Trojan-brand condoms to E.V. for her to use during the exchange of sexual contact for money. A forensic analysis of the defendant's Samsung cellular telephone revealed text messages sent by the defendant to male associates in which the defendant stated on January 22, 2020, "I got them hoes for sale boss" and "You know any sugar daddies boss? I got 2 bad bitches wit me now and we sellin pussy boss." The defendant took photographs of E.V. to be distributed over the internet for prostitution advertisement. On January 30, 2020, E.V. called 911 stating that she is a runaway and is involved in a sex trafficking ring. E.V. was picked up by the police in St. Louis City. The defendant is admitting that the facts contained in this paragraph and the preceding paragraph are true and correct based upon his personal knowledge, information and belief.

## THE FOLLOWING PARAGRAPHS CONTAIN FACTS THAT THE GOVERNMENT CONTENDS AND THE DEFENDANT DENIES

The defendant does not make any admissions of guilt or stipulations of fact as to the following information contained in the following paragraph. The defendant is not admitting any involvement in the shooting of J.B. However, the Government believes these facts may be admitted into evidence if the case would proceed to trial. These facts are not essential elements of the offense of Coercion and Enticement of a Minor and do not form part of the factual basis of the defendant's plea of guilty to the offense of Coercion and Enticement of a Minor. The parties agree that the defendant shall not lose any benefit for accepting responsibility for the offense of Coercion and Enticement of a Minor by not admitting the facts contained in this paragraph. Defendant faces possible further criminal liability for these charges independent of and in addition to his plea of guilty to Coercion and Enticement of a Minor in case S-1 4:20-CR-00131 JAR.

On January 24, 2020, at approximately 9:29 p.m., J.B., an adult male, was shot twice in St. Louis City in the area of his residence in the 5500 block of Chippewa Street. J.B. and E.V. informed law enforcement that J.B. had encountered juvenile E.V. on Grand Avenue and took her back to his residence. E.V. explained to law enforcement that J.B. had picked her up off Grand avenue and took her to his residence for the purpose of engaging in prostitution activity with her, exchanging $100 for sexual acts. E.V. further explained that J.B. struck her and she became uncomfortable and left his residence. E.V. explained that she informed the defendant that J.B. had struck her and that the defendant drove with E.V. and Myeesha Barnes to the residence of J.B. where the defendant shot J.B. twice in front of E.V. During the law enforcement investigation of the shooting, J.B. identified the defendant as his shooter from a

6

photographic lineup. Additionally, analysis of the location of the cellular telephones of the defendant and E.V. revealed that on January 24, 2020, E.V. was in the area of Tower Grove South and Dutchtown in St. Louis City when she called defendant at about 8:47 p.m. The defendant was determined to be in the area of his residence on Marine Avenue in St. Louis when he got that call from E.V. It was further determined that on that same day, E.V. was in the area of the residence of J.B. and the scene of his shooting at 9:02 p.m. and the defendant was in the area of that shooting at 9:24 p.m. On January 25, 2020, the defendant was determined to be in the area of his residence on Marine Avenue in St. Louis City from 10:17 a.m. to 10:56 a.m. and E.V. was also in that same location at 9:35 a.m. The defendant is not admitting any involvement in the shooting of J.B. and the facts contained in the paragraph set forth only what the parties agree the Government may seek to present as evidence at any trial of this case.

5. **STATUTORY PENALTIES:**

The defendant fully understands that for Count One, the possible penalty provided by law for the crime of coercion and enticement of a child, to which the defendant is pleading guilty, is imprisonment for a period of not less than ten years and not more than life, a fine of not more than $250,000, or both such imprisonment and fine. The Court shall also impose a period of supervised release of not less than five years nor more than life. **The defendant fully understands that the crime to which a guilty plea is being entered, Title 18, United States Code, Section 2422(b), requires a mandatory minimum term of imprisonment of at least ten years.**

Per 18 U.S.C. §§ 2429, 3663 and/or 3663A, defendant fully understands that, in addition to other civil or criminal penalties provided by law, the Court may order restitution directing the

defendant to pay E.V. (through appropriate Court mechanism) the full amount of E.V..'s losses as determined by the Court that were incurred or are reasonably projected to be incurred by E.V.

Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 117 (relating to, relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2242(b), coercion and enticement of a minor).

6. **U. S. SENTENCING GUIDELINES: 2018 MANUAL:**

The defendant understands that this offense is affected by the U. S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category. The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply.

    A.    **Offense Conduct:**

        (1)    **Count One, Coercion and Enticement of a Minor:**

        a.    **Chapter 2 Base Offense Level:** The parties agree that the base offense level is 28, as found in Section 2G1.3(a)(3).

        b.    **Chapter 2 Specific Offense Characteristics:** The parties agree that the following Specific Offense Characteristics apply:

(i) two (2) levels should be added pursuant to 2G1.3(b)(3) because the offense involved the use of a computer or an interactive computer service to (A) persuade, induce, entice, coerce, or facilitate the travel of, the minor to engage in prohibited sexual conduct or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with the minor; and

(ii) two (2) levels should be added pursuant to 2G1.3(b)(4) because (A) the offense involved the commission of a sex act or sexual contact, or (B) the offense involved a commercial sex act.

B. **Chapter 3 Adjustments:**

The parties agree that three levels should be deducted pursuant to Section 3E1.1(a) and (b), because the defendant has clearly demonstrated acceptance of responsibility and timely notified the Government of the defendant's intention to plead guilty. The parties agree that the defendant's eligibility for this deduction is based upon information presently known. If subsequent to the taking of the guilty plea the Government receives new evidence of statements or conduct by the defendant which it believes are inconsistent with defendant's eligibility for this deduction, the Government may present said evidence to the court, and argue that the defendant should not receive all or part of the deduction pursuant to Section 3E1.1, without violating the plea agreement.

C. **Estimated Total Offense Level:** The parties estimate that the Total Offense Level is twenty-nine (29).

E. **Criminal History:** The determination of the defendant's Criminal History Category shall be left to the Court. Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the defendant's criminal history and the applicable

6

category. The defendant's criminal history is known to the defendant and is substantially available in the Pretrial Services Report.

  **F.**   **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein. The parties may not have foreseen all applicable Guidelines. The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**   **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

  **a.**   **Appeal:** The defendant has been fully apprised by defense counsel of the defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

  **(1)**   **Non-Sentencing Issues:** The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea, the constitutionality of the statute(s) to which defendant is pleading guilty and whether defendant's conduct falls within the scope of the statute(s).

  **(2)**   **Sentencing Issues:** In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the defendant within or below that range or to the statutory minimum sentence, then, as part of this agreement, the defendant hereby waives all rights to appeal all sentencing issues other than Criminal History, but only if it affects the Base Offense Level or Criminal History Category. Similarly, the Government hereby waives all rights to appeal all sentencing issues provided the Court accepts the plea and sentences the defendant within the statutorily-available range of punishment.

    **b.**    **Habeas Corpus:** The defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

    **c.**    **Right to Records:** The defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**    **OTHER:**

    **a.**    **Disclosures Required by the United States Probation Office:** The defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the Government.

    **b.**    **Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:** Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the defendant.

    **c.**    **Supervised Release:** Pursuant to any supervised release term, the Court will impose standard conditions upon the defendant and may impose special conditions related to the crime defendant committed. Some of these special conditions may include that defendant not possess a computer or internet access, that defendant not have contact with minors without the authorization of the Probation Officer, that defendant participate in sexual offender counseling and that defendant not maintain a post office box. In addition, as a condition of supervised

release, defendant shall initially register with the state sex offender registration in Missouri, and shall also register with the state sex offender registration agency in any state where defendant resides, is employed, works, or is a student, as directed by the Probation Officer. The defendant shall comply with all requirements of federal and state sex offender registration laws.

These and any other special conditions imposed by the Court will be restrictions with which defendant will be required to adhere. Violation of the conditions of supervised release resulting in revocation may require the defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release. The defendant understands that parole has been abolished.

    d.    **Mandatory Special Assessment:** Pursuant to Title 18, United States Code, Section 3013, the Court is required to impose a mandatory special assessment of $100 per count for a total of $100, which the defendant agrees to pay at the time of sentencing. Money paid by the defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

Pursuant to Title 18, United States Code, Section 3014, for offenses occurring on or after May 29, 2015, and before September 30, 2021, the Court is required to impose an assessment of $5,000 on any non-indigent defendant convicted of an offense under Chapter 117 (relating to transportation for illegal sexual activity and related crimes, including, but not limited to, 18 U.S.C. § 2242(b), coercion and enticement of a minor).

    e.    **Possibility of Detention:** The defendant shall be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

      **f.**      **Fines, Restitution and Costs of Incarceration and Supervision:** The Court may impose a fine, restitution (in addition to any penalty authorized by law), costs of incarceration and costs of supervision. The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. Pursuant to Title 18, United States Code, Sections 3663, 3663A and 2429, an order of restitution is mandatory for all crimes listed in Sections 3663A(c) and 2429 and shall include all amounts allowed by Sections 2429, 3663 and 3663A.

**9.**    **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

      In pleading guilty, the defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the Government to prove the elements of the offenses charged against the defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses. The defendant further understands that by this guilty plea, the defendant expressly waives all the rights set forth in this paragraph.

      The defendant fully understands that the defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding. The defendant's counsel has explained these rights and the consequences of the waiver of these rights. The defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

Defendant understands that by pleading guilty, defendant will be subject to federal and state sex offender registration requirements, and that those requirements may apply for life. The defendant understands that defendant must keep said registrations current, shall notify the state sex offender registration agency or agencies of any changes to defendant's name, place of residence, employment, or student status, or other relevant information. Defendant shall comply with requirements to periodically verify in person said sex offender registration information. Defendant understands that defendant will be subject to possible federal and state penalties for failure to comply with any such sex offender registration requirements. If defendant resides in Missouri following release from prison, defendant will be subject to the registration requirements of Missouri state law. Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon release from confinement following conviction. Defense counsel has advised the defendant of the possible sex offender registration consequences resulting from the plea.

Defendant knowingly and voluntary waives any rights and defenses defendant may have under the Excessive Fines Clause of the Eight Amendment to the United States Constitution to the forfeiture of property in this proceeding or any related civil proceeding, special or other assessment, and any order of restitution.

If the defendant is not a U.S. citizen, the guilty plea could impact defendant's immigration status or result in deportation. In particular, if any crime to which defendant is pleading guilty is an "aggravated felony" as defined by Title 8, United States Code, Section 1101(a)(43), removal or deportation is presumed mandatory. Defense counsel has advised the defendant of the possible immigration consequences, including deportation, resulting from the plea.

6

The defendant is fully satisfied with the representation received from defense counsel. The defendant has reviewed the Government's evidence and discussed the Government's case and all possible defenses and defense witnesses with defense counsel. Defense counsel has completely and satisfactorily explored all areas which the defendant has requested relative to the Government's case and any defenses.

10. **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the defendant and the Government, and no other promises or inducements have been made, directly or indirectly, by any agent of the Government, including any Department of Justice attorney, concerning any plea to be entered in this case. In addition, the defendant states that no person has, directly or indirectly, threatened or coerced the defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea. The defendant further acknowledges that this guilty plea is made of the defendant's own free will and that the defendant is, in fact, guilty.

11. **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if defendant commits any crimes, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement. The Government may also, in its discretion, proceed with this agreement and may advocate for any sentencing position

supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12. **NO RIGHT TO WITHDRAW GUILTY PLEA:**

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the Government agrees to dismiss or not to bring.

\_\_6·28·21\_\_  
Date

_____  
Jillian S. Anderson #53918MO  
Assistant United States Attorney

\_\_6/28/2021\_\_  
Date

_____  
Tony K. Sanford  
Defendant

\_\_6-28-2021\_\_  
Date

48555 MO  
_____  
Eric V. Barnhart  
Attorney for Defendant